MAY TERM, 1884, Nos. 23 AND 51.                    JUNE 3, 1884.

## Pottsville National Saving Fund *v.* Commonwealth of Pennsylvania.

## Pottsville Union Saving Fund Association *v.* Same.

Corporations of the class known as building associations which had, prior to June 7, 1879, ceased to collect monthly dues from members who had not borrowed money, and which had ceased to make loans from that date, still, however, retaining their corporate existence, collecting debts due them, and discharging existing obligations, must be considered to have been doing business to such an extent as to subject them to the payment of a tax upon their capital stock under the provisions of the act of 7th June, 1879.

Before MERCUR, C. J.; GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, J. J.

Error to the Common Pleas of *Dauphin County.*

Appeals by the Pottsville National Saving Fund and the Pottsville Union Saving Fund Association from a settlement of an account against these corporations for a tax upon their capital stock, made by the Auditor General and State Treasurer, under the act of June 7, 1879. (P. L., p. 114.)

These cases were tried by the court, SIMONTON, P. J., without a jury, by agreement of the parties, under the act of April 22, 1874.

Appellants were incorporated by decrees of the common pleas, one in 1867, the other in 1868. They contended that they had ceased to do business prior to 1879, and that, therefore, they were not liable for the tax settled against them as above. They collected outstanding mortgages and securities for loans and discharged existing liabilities. The Court found that, although they had ceased to collect monthly dues from members who had not borrowed out money and had not made any loans from that date, in other respects they were in full life, and were certainly doing business within the meaning of the act of June 7, 1879.

Exceptions were filed by the appellants to the findings of the Court, which were overruled and judgment entered in favor of the Commonwealth, in each case, for the amount of the account with interest, Attorney General's commissions, and costs ; whereupon, the appellants took this writ,

assigning for error, *inter alia*, the overruling of their exceptions to the above finding of the Court, and the action of the Court in entering judgment for the Commonwealth.

*N. Heblich* and *John H. Weiss* for plaintiffs in error.

If these associations had been actually dissolved by a decree of the Court before the passage of the act of June 7, 1879, they would have been authorized to do the very thing which the facts in the case show they did do, viz: collect outstanding claims and discharge liabilities with the proceeds. This is not doing the business which these associations were by law authorized and empowered to do. These associations could cease doing business without being dissolved, and it is only the companies doing business on the 7th day of June, 1879, which are by that act subject to the payment of a tax on capital stock. The question, therefore, is, not whether the companies designated in said act were actually dissolved and ceased doing business in consequence of a decree of dissolution, but whether they were actually doing business at the time mentioned in the act, and it is contended that the winding and settling-up the affairs of a company is not doing business within the meaning of the act of Assembly or according to the construction of language.

*Robert Snodgrass*, Deputy Attorney General, and *Lewis C. Cassidy*, Attorney General, for defendant in error.

The plaintiffs in error claim that they are not taxable because they had ceased to do business prior to the passage of the act of 1879. The business which the Court found to have been conducted by them since June 7, 1879, was not that ordinarily incident to the winding-up and settling the affairs of a mercantile or manufacturing company, but that which constituted a necessary part of the usual business of this peculiar class of corporations.

OCTOBER 6TH, 1884.—PER CURIAM : These cases were argued together. They present the same question. These associations were incorporated by decrees of the common pleas in 1867 and 1869, respectively. They had, unquestionably, been engaged in the transaction of business for many years. They now attempt to avoid taxation under the act of 7th June, 1879, alleging they had ceased to do business prior to the passage of that act. By agreement of parties the Court was substituted for a jury. The same effect is, therefore, to be given to its finding of facts as if found by a jury.

[Woodrow *v.* Blythe.]

The Court 'found . that although the associations had ceased to collect monthly dues from members who had not borrowed money and had ceased to make loans, yet in other respects they were in full life and were clearly doing business within the meaning of the act under which the tax was levied.

These corporations are of the class known as building associations. They were still collecting the debts due them, and discharging existing obligations. They were generally transacting all business necessary to a final termination of the association. They, however, still retained· their corporate existence, and we think were doing business to such an extent as to subject them to the provisions of the statutes imposing the taxes.

Judgment in each case affirmed.